IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Mozella M. Dyer,

         Plaintiff,

         vs.                                   Case No. 12-2081-JTM

USD 500 *et al.*,

         Defendants.

MEMORANDUM AND ORDER

      This matter is before the court on the Objection filed by *pro se* plaintiff Mozella Dyer to the February 8, 2012 (Dkt. 6) Order of the United States Magistrate Judge denying her request to appoint counsel. In that decision, the Magistrate Judge properly observed that there is no fundamental right to appointment of counsel in private employment discrimination actions, *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420–21 (10th Cir. 1992). To the contrary, appointment should occur only if the refusal to appoint counsel would be fundamentally unfair. *See McCarthy v. Weinberg*, 753 F.2d 836, 839–40 (10th Cir. 1985).

      Under Fed.R.Civ.P. 72(a), a party may file an objection to a magistrate's nondispositive order. Upon review, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). The district court must affirm the magistrate's order "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d

1458, 1464 (10th Cir.1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

Dyer does not meet this standard. The Magistrate Judge determined that appointment should not occur because Dyer had failed to demonstrate that she had done very much to actually contact counsel, and recommended that she contact the Wichita Lawyer Referral Service. In addition, the same Order noted that the combination of the "relatively simple facts," which Dyer should be able to articulate, with the fact that "it does not appear that plaintiff's claims are particularly meritorious." (Dkt. 6, at 2-3).

In her Objection, Dyer states that she had contacted the Lawyer Referral Service prior to filing her case (Dkt. 14, at 2), but she fails to address the remainder of the Magistrate Judge's rationale for denying appointment, other than to generally complain that she will have to face "the team of lawyers on defendant's payroll who have years of litigation experience."She also complains about "deadlines and time limits may be ten days or less," and that she "may not currently be utilizing the proper terminology." (*Id*. at 1, 2).

None of Dyer's arguments demonstrate that the decision of the Magistrate Judge was clearly erroneous or contrary to law. The pleadings in the case demonstrate that the plaintiff can adequately articulate her position, and future pleadings can be interpreted, and deadlines adjusted, with reference to the plaintiff's *pro se* status.

But plaintiff obtains nothing through simply repeating the same arguments. In addition to her Objection, the court notes that plaintiff as directed multiple e-mails to the chambers of the undersigned which repeat the same arguments. The plaintiff is hereby directed and enjoined to cease any and all such e-mail communications. All written communications with the court shall occur through pleadings filed with the Clerk of the Court.

IT IS ACCORDINGLY ORDERED this 13th day of April, 2012 that the plaintiff's Objection (Dkt. 14) is hereby denied.

                                                  s/ J. Thomas Marten\
                                                  J. THOMAS MARTEN, JUDGE