IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MOZELLA DYER,** | ) |
| **Plaintiff,** | ) |
| | ) Case No. 12-2081-JTM-JPO |
| vs. | ) |
| | ) |
| **UNIFIED SCHOOL DISTRICT No., 500, et al.,** | ) ) |
| | ) |
| **Defendants** | ) |

## JOINT STIPULATED PROTECTIVE ORDER

WHEREAS, this is an action for alleged discrimination, retaliation, defamation, equal pay, whistleblower and other unlawful conduct against plaintiff by defendants in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and the American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101. In connection with this action, the parties acknowledge that the disclosure of certain confidential documents pertaining to Defendant USD No. 500's employees, including personnel, disciplinary files, email communications, and information relating to plaintiff's tax returns and personnel files may be disclosed subject to this Order.

WHEREAS, the parties believe they will be required, pursuant to Rule 26(a)(1) disclosures and requests for production of documents, to produce documents and other tangible things in their possession, custody, or control; and

WHEREAS, the parties mutually recognize the need to protect the confidential nature of certain confidential documents to be provided; and

{K0361976.DOC; 1}

WHEREAS, this Court has for some time recognized the good cause supporting the need to protect the confidential nature of certain documents including employee discipline, training, health, wage, benefit and other personnel matters as well as plaintiff's tax information; and

WHEREAS, the above parties agree that these confidential documents and the information contained therein should be given the protection of an order of this Court in order to prevent injury through disclosure to persons other than those persons involved in the prosecution of this litigation;

NOW, THEREFORE, IT IS HEREBY STIPULATED THIS 25th DAY OF APRIL, 2012:

1. That the parties may designate the following types of documents provided pursuant to Rule 26(a)(1) disclosures and requests for production of documents, as confidential:

   (a) Personnel records

   (b) Confidential documents pertaining to Defendant USD No. 500's employees, including disciplinary files, email communications, notes and other tangible things

   (c) Tax records and Social Security numbers

2. That the Confidential Documents and the information contained therein and derived therefrom shall be used by any party to this case (other than the party producing the document) only for the purposes of this case. Furthermore, the materials described in paragraph 1 above may only be disclosed to the following persons or representatives of entities described below:

{K0361976.DOC; 1}

(a) The Court and the jury, pursuant to Paragraph 6 of this Order;

(b) Counsel who have appeared of record for a party in this case and employees of such counsel;

(c) Named parties and officers or employees of a party in this case who are assisting counsel in the prosecution or defense of this case;

(d) Persons specially retained by a party or counsel in this litigation to assist in the preparation of this litigation for trial who are not regular employees of a party to this litigation, and only if such persons need such Confidential Documents;

(e) Any person of whom testimony is taken or to be taken in this litigation, <u>except</u> that such a person may only be shown Confidential Documents during his/her testimony and in preparation therefore, and only to the extent necessary for such preparation of testimony;

(f) Any mediator appointed by the Court or agreed to by the parties.

3. That the parties agree to provide a copy of this Order to each person given access to the Confidential Documents and the information contained therein or derived therefrom pursuant to Paragraphs 2(b), 2(c), 2(d) or 2(e);

4. Absent the agreement of the party producing such materials, the party seeking to file confidential materials must first file a motion with the court and be granted leave to file the particular document under seal in accordance with *Holland v. GMAC Mortg. Corp.,* 2004 WL1534179, at *2 (D. Kan. June 30, 2004)(setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D.Kan.Feb.17, 2004).  The motion should also recognize and comply with the Court's administrative procedures for electronically filing document(s) under

{K0361976.DOC; 1}

seal in civil cases;

5. That if any party objects to the designation of a document as "CONFIDENTIAL," such party may apply to the Court for a ruling that the document shall not be so treated after giving ten (10) days prior written notice of such application to all other parties. Unless and until this Court enters an order changing the confidential designation of the document, such document shall continue to be protected as provided for in this Order;

6. That in the event any Confidential Documents are used in any court proceeding herein, including depositions, such document shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect the confidentiality of documents during such use;

7. That by this Stipulated Protective Order the parties do not waive any legal right or privilege to object to the production of any document, including any right or privilege under the work product doctrine or attorney-client privilege;

8. That if any party has cause to believe that a violation of this Order has occurred or is about to occur, such party may ask this Court or any other proper court for appropriate relief;

9. It is understood that upon completion of the litigation only one copy of any Confidential Documents may be retained by opposing counsel. All other Confidential Documents and copies thereof in the possession, custody or control of any party or counsel shall be destroyed or returned to the party from whom such Confidential Documents were obtained, upon request of the producing party.

IT IS SO STIPULATED.

{K0361976.DOC; 1}

IT IS SO ORDERED this 25th day of April, 2012.

    /s James P. O'Hara_____
James P. O'Hara
United States Magistrate Judge

## **APPENDIX A**

TO:_____

      Re:    Confidential Documents Subject to Protective Order in
              Dyer vs. Unified School District No. 500, *et al.*
              United States District Court Case No. 12-2081-JTM-JPO

Dear Sir:

      This is to certify that the undersigned has read and is fully familiar with the provisions of the Protective Order dated _____, 2012, signed by the United States District Court Judge and filed in the captioned matter (hereinafter referred to as ("Protective Order").

      As a condition precedent to examining any discovery material pursuant to the Protective Order, or obtaining any information contained in or derived from said material, the undersigned hereby agrees that the Protective Order shall be deemed to be directed to and shall include the undersigned, and the undersigned shall observe and comply with the provisions of the Protective Order.

                                           Very truly yours,

                                           _____
                                           Name
                                           _____

                                           _____

                                           _____

                                           _____
                                           Address

SIGNED at:_____,

this _____ day of _____, 2012.

{K0361976.DOC; 1}                        6

Respectfully submitted by,

By: /s/ Mozella Dyer
    Mozella Dyer
    825 North Overlook Drive
    Olathe, Kansas 66061
    Telephone (816) 547-6151
    Email: kcjcaa@yahoo.com

*PRO SE* PLAINTIFF


By: /s/ Deryl W. Wynn
    Deryl W. Wynn    #12824
    Mary M. Nero    #24446
    McANANY, VAN CLEAVE & PHILLIPS, P.A.
    10 E. Cambridge Circle Drive, Suite 300
    Post Office Box 171300
    Kansas City, Kansas  66117-1300
    Telephone (913) 371-3838
    Facsimile (913) 371-4722
    Email: dwynn@mvplaw.com
        mnero@mvplaw.com

ATTORNEYS FOR DEFENDANTS