IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Mozella Dyer,

        Plaintiff,

vs.                                    Case No. 12-2081-JTM

Unified School District No. 500, *et al.*,

        Defendants.

MEMORANDUM AND ORDER

Plaintiff Mozella Dyer brought the present action claiming that she was fired from her job with the Kansas City, Kansas Unified School District because of racial discrimination. The court granted the defendants summary judgment, finding that the uncontroverted facts established, among other things, that Dyer was legally terminated from her administrative position. (Dkt. 161). Following her appeal, this determination was affirmed by the Tenth Circuit. (Dkt. 168).

The Clerk of the Court accordingly taxed the costs of the action against Dyer. The matter is before the court on the plaintiff's Motion to Review Taxation of Costs, which argues that Clerk should not have imposed costs under the circumstances of the case.

At the outset, the court notes that much of Dyer's argument is simply contrary to the law of the case or is otherwise entirely without factual foundation. She alleges, for example, that the defendants have acted in bad faith and have refused to produce documents required for the case. (Dkt. 173, at 4). A review of the record reveals nothing to support this claim.

The United States Magistrate Judge granted in part and denied in part plaintiff's Motion to Compel, requiring the defendants to produce prior School District policies and salary information. At the same time, the court found that the plaintiff's requests were "not describe[d] with reasonable particularity," that many of the plaintiff's requests for production were moot following supplemental disclosures, that "a number of plaintiff's discovery request lack specificity," and rejected plaintiff's request for unredacted personnel information.

The Magistrate Judge made no findings of intention or deliberate obstruction, and based on the history of the action, such a conclusion is entirely unfounded. The discovery disputes, on both sides, are entirely typical for modern civil litigation.

Dyer further contends that costs should not be taxed because "Summary Judgment was not appropriate in this case" and that the award of summary judgment deprived her of various constitutional rights. (*Id.* at 7). Similarly, Dyer devotes much of her Reply (Dkt. 177, at 4-7) essentially rearguing the facts of the case. Both this court and the Tenth Circuit, however, concluded that summary judgment was appropriate in light of the uncontroverted evidence.

Much of Dyer's remaining argument is premised on the Ninth Circuit's decision in *Association of Mexican-American Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000). The cited case bears little resemblance to the present action. In it, the Ninth Circuit did not hold that taxation of costs against the plaintiffs was inappropriate, it simply held that the district court had not abused its discretion in declining to tax costs. In reaching this conclusion, the court stressed the exceptional nature of the case, in which the plaintiffs challenged a state test (the California Basic Education Skills Test, or CBEST) for certain basic skills as a prerequisite to state employment.

The statute was challenged by a broad class of Mexican-American, Asian-American, and

African-American teachers, who argued that CBEST violated their civil rights under Titles VI and VII of the Civil Rights Act. The court found that the district court had not abused its discretion in refusing to award costs because

> the case (1) "involve[s] issues of substantial public importance," specifically "educational quality, interracial disparities in economic opportunity, and access to positions of social influence;" (2) there is great economic disparity between Plaintiffs, who are individuals and "small nonprofit educational organizations," and the State of California; (3) the issues in the case are close and difficult; and (4) Plaintiffs' case, although unsuccessful, had some merit, as evidenced by the 1995 modification of the CBEST to eliminate "higher order" mathematics questions.

231 F.3d at 592 (quoting the district court, footnote omitted). The Ninth Circuit recognized that under Fed.R.Civ.Pr. 54(d)(1), "costs are to be awarded in the ordinary case," and specifically cautioned that "[w]e do not mean to suggest that the presumption in favor of costs does not apply to defendants in civil rights actions." *Id.* at 593.

Association of Mexican-American Educators, could indeed be deemed "close and difficult." The plaintiffs there scored a partial victory: the district court granted partial summary judgment *in favor* of the plaintiffs, holding that Titles VI and VII applied to CBEST, and that CBEST had a disparate impact on minority teachers. The plaintiffs lost only in the district court's determination the plaintiffs had failed to demonstrate the existence of other, equally-effective teacher screening tests. Nothing comparable was presented in the present action. The defendants fully prevailed on all claims advanced by Dyer. This was not a class action, and involved no broad issues relevant to employees on a state-wide basis. Dyer advanced claims relating to her employment situation only. The case lacked even partial merit, with all of Dyer's claims being fully and completely dismissed at summary judgment.

Plaintiff suggests that, as a *pro se* civil rights plaintiff, taxation of costs against her is

3

inappropriate. But, while Dyer now (again) appears *pro se*, she was represented throughout most of the action, and the appeal, by competent and capable counsel, from an established law firm, who zealously and professionally advanced her claims. The result suggested by Dyer was directly put to doubt by the very case she relies on, which observed that it was *not* suggesting that, a general matter, civil rights actions are immune the general requirement for the imposition of costs.

Costs are presumptively awarded to the prevailing party under Rule 54 and 28 U.S.C. § 1920. The court finds that the amount of costs taxed here, $4,267.10, is reasonable in amount, given the nature of the action, and is fully supported by sufficient evidence.

Finally, plaintiff argues that costs should not be awarded because she is indigent. The affidavit submitted to the court indicates that Dyer is not currently employed, and her husband receives a monthly social security disability stipend. Plaintiff has submitted no proof that she has otherwise sought, but been denied, employment.

The defendants, in opposition, argue that "Claimant's poverty may make the judgment for costs uncollectible, but it should not constitute a reason for the costs not to be assessed." (Dkt. 176, at 2). This is inaccurate, as the financial status of the nonprevailing party is one element the court considers in taxing costs. But it is not a controlling factor. The Tenth Circuit has explicitly concluded that a district court has the discretion to authorize the payment of costs by an indigent nonprevailing party. *Johnson v. Oklahoma*, No 99-6322, 2000 WL 1114194, *3 (10th Cir. 2000). In that decision, the losing plaintiff argued (just as Dyer does here) that costs should not be taxed both because of her indigency and because of the supposed chilling effect on other civil rights actions.

The Tenth Circuit in *Johnson* responded by quoting, with emphasis, the language of Rule

54(d), which provides that "'[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees *shall be allowed as of course* to the prevailing party unless the court otherwise directs.'" *Id.* at *3 (emphasis added in *Johnson*). The court further deemed plaintiff's public policy argument "unpersuasive," noting that it had specifically "upheld the 'traditional presumption' of awarding costs to prevailing defendants in civil rights case." *Id.* (quoting *Mitchell v. City of Moore*, Nos. 98-6446, 99-6101, 99-6121, 99-6177, 2000 WL 954930, at *11 (10th Cir. July 11, 2000)). The court also quoted the Fourth Circuit's decision *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir.1999), which observed that reliance on the

> parties' comparative economic power ... would almost always favor an individual plaintiff ... over [the] employer defendant.... [T]he plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths. To do so would not only undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor, but it would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.

The court also noted decisions from other Circuits upholding the taxation of costs, distinguishing only the Ninth Circuit's decision in *Stanley v. University of S. Cal.*, 178 F.3d 1069, 1079-80 (9th Cir.), *cert. denied*, 120 S.Ct. 533 (1999) which the *Johnson* court summarized as concluding that the "district court [had] abused [its] discretion by awarding *especially high costs* without considering whether award would cause civil rights plaintiff to become indigent." 2000 WL 1114194 at *3 (emphasis by *Johnson*).The court ultimately concluded that the district court may "consider[] this factor," that is, the potential indigence of the nonprevailing party, in deciding whether to award costs, but that indigence is not "the controlling factor." *Id.* Denying costs "is in the nature of a severe penalty" to the prevailing party. *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995). *See also Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir.2004).

In *Treaster v. HealthSouth, Corp.*, 505 F.Supp.2d 898, 902 (D. Kan. 2007), this court concluded that indigency was one element in the decision of whether to award costs. In determining whether to award costs, the court considers "'the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised.'" *Id.* (quoting *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). The court in *Treaster* agreed that the plaintiff had made a threshold showing of indigency. However, the court ultimately determined that costs were properly assessed against the plaintiff because,

> despite plaintiff's dire financial circumstances and the fact that plaintiff prosecuted his case against defendant Wilson in good faith, the court does not believe that defendant Wilson should be denied his costs because the Tenth Circuit has repeatedly stated that the denial of costs is in the nature of a severe penalty and that there must be some apparent reason to penalize the prevailing party if costs are to be denied.

505 F.Supp.2d at 906.

Accordingly, the court considers Dyer's financial status as one, nondispositive element. "However, even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (citing *Durrett v. Jenkins Brickyard, Inc*., 678 F.2d 911, 917 (11th Cir.1982) ("we hold that in no case may the district court refuse altogether to award attorney's fees to a prevailing Title VII defendant because of the plaintiff's financial condition," because "[a] fee must be assessed which will serve the deterrent purpose of the statute, and no fee will provide no deterrence")). *See* 10 James W. Moore, MOORE'S FEDERAL PRACTICE, § 54.101[1][b], at 54–157 (3d ed. 2013) ("Most circuits hold that a substantiated claim of the losing party's indigency may justify a r*eduction* ... of costs"). (emphasis added).

The court finds that the Clerk of the Court properly assessed the costs of the action against the plaintiff. As in *Treaster*, the properly assessed costs will not be reduced merely because of the plaintiff's claimed financial status. The plaintiff presented no evidence of continuing indigency; her affidavit itself (Dkt. 174) shows only that she is not currently employed. *See Sklyarsky v. ABM Janitorial Services-North Central*, 494 Fed.Appx. 619 (7th Cir. 2012) (costs should be imposed unless party claiming indigence "shows that it is incapable of paying court-imposed costs at the time of judgment *or* in the future") (emphasis in *Sklyarsky*). Even had she make such a showing, the court finds costs would be properly imposed. The amount awarded in costs is not excessive, and is indeed relatively modest for modern civil litigation. The issues were not close or difficult, and the plaintiff did not succeed on any of her claims. Finally, the court did not simply dismiss the plaintiff's claims of unlawful termination as unfounded, it determined that the uncontroverted facts establish that the plaintiff was properly terminated for surreptitiously manipulating and circumventing school policy. Under these circumstances, costs of $4267.10 were properly imposed on plaintiff.

IT IS ACCORDINGLY ORDERED this 29th day of October, 2014, that the Plaintiff's Motion to Review Costs (Dkt. 173) is hereby denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

7